# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JAYSON PEREZ VEGUILLA,

     Plaintiff,

v.                               Case No. 8:25-cv-3114-JLB-TGW

NAPHCARE, *et al.*,

     Defendants.

_____/

## **ORDER**

     Plaintiff Jayson Perez Veguilla initiated this action by filing a *pro se* 42 U.S.C. § 1983 civil rights complaint generally alleging that a delay in medical care almost led to his death.   (Doc. 1).   Plaintiff moves to proceed *in forma pauperis* (Doc. 4), and the complaint is before the Court for initial screening.

     After careful review, the Court dismisses the complaint with leave to amend because it does not state a claim on which relief may be granted.

### I. Screening Standard

     A prisoner who seeks to proceed *in forma pauperis* in federal court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

1

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). This screening procedure requires the court to dismiss a prisoner's civil action before service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1), (2).

The rules governing dismissals for failure to state a claim under the screening statutes are largely the same as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). And under Rule 12(b)(6), a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not rest on "'naked assertions[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Likewise, a complaint may be dismissed as frivolous when the Court discerns from its face "that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal

quotation marks omitted)).

## II. Allegations

Plaintiff asserts the following:[1] On October 30, 2024, while detained in Manatee County Jail, Plaintiff declared a medical emergency. (Doc. 1 at 8). However, "Jane Doe", a correctional officer, refused to assist Plaintiff. (*Id.*). Plaintiff unsuccessfully attempted to get someone's attention for approximately twenty minutes before Officer Mecca took him to the medical department. (*Id.* at 9).

Nurse Sterling told Plaintiff to sit on a bench. (*Id.*). After several minutes, Plaintiff yelled for help. (*Id.* at 10). Nurse Sterling and her "crew" ignored him. (*Id.*). Nurse Waters walked by Plaintiff and asked if he was okay. (*Id.*). Plaintiff responded that his chest hurt, and he could not breathe. (*Id*) Nurse Waters asked for Nurse Sterling's help, but Nurse Sterling told Plaintiff to "quiet down" and that he would be "ok" because he was faking and only had gas. (*Id.*). Nurse Waters called 911. (*Id.*). However, Plaintiff alleges he "was dead" when the ambulance arrived and "died 2 more times that day."[2] (*Id.*).

---

[1] At the screening stage, the Court accepts the complaint's factual allegations (but not its legal conclusions) as true and considers them in the light most favorable to Plaintiff. *See Williams v. Board of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

[2] Presumably, Plaintiff almost died but was revived.

3

### III. Discussion

Plaintiff names the Manatee County Jail and NaphCare as defendants. (Doc. 1 at 1).   However, he also states that he "wants to sue" both Nurse Sterling and the "Jane Doe" correctional officer.   (*Id*. at docket p. 11).

#### A. Manatee County Jail

To state a viable section 1983 claim, the named defendants must be subject to being sued.   *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit.").   The capacity to sue or be sued shall be determined by the law of the state in which the district court is held.   Fed. R. Civ. P. 17(b).   Under Florida law, a detention center or jail lacks the capacity to be sued.   *Maldonado v. Baker Cty. Sheriff's Office*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021).   Consequently, Plaintiff fails to state a claim against the Manatee County Jail because it is not a legal entity amenable to suit.

#### B. NaphCare

NaphCare is the medical provider at the Manatee County Jail.   NaphCare "performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent" of the county under § 1983.   *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).   However, NaphCare cannot be liable for its employees' acts merely on a theory of respondeat superior.   *Scala v. City of Winter*

4

*Park*, 116 F.3d 1396, 1399 (11th Cir. 1997).    Plaintiff must show some affirmative link or connection between NaphCare's actions and the claimed deprivation or show that a constitutional violation occurred or was caused by a NaphCare policy or custom.    *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff alleges that NaphCare employs Nurse Sterling, and she delayed or denied him medical care for his serious medical need.    These allegations are insufficient to show that a NaphCare policy or custom caused the alleged constitutional violation. Consequently, Plaintiff fails to state a claim against NaphCare.

C. Nurse Sterling and "Jane Doe" correctional officer

Plaintiff states that he wants to sue Nurse Sterling and the "Jane Doe" correctional officer.    Plaintiff must clearly identify each defendant to this action in the caption of the complaint and state what each defendant did or failed to do that violated Plaintiff's rights.    Moreover, if Plaintiff wants to pursue his claims against the "Jane Doe" defendant whom he has not yet identified, he must take reasonable steps to identify that defendant.    Finally, Plaintiff must allege, clearly and concisely, which of his rights have been violated and identify the relief he seeks in this action.

Accordingly:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

a. If Plaintiff wishes to amend his allegations to remedy the noted deficiencies,

he shall file an amended complaint within THIRTY DAYS of the date of this order.

b. To amend his complaint, Plaintiff must complete a new civil rights complaint form titled "Amended Complaint." The amended complaint must include all of Plaintiff's claims and may not refer to or incorporate the original complaint. The amended complaint shall supersede all prior complaints. *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

c. The amended complaint shall be subject to initial screening under 28 U.S.C. § 1915.

2. If Plaintiff fails to file an amended complaint within thirty days or fails to seek an extension of time, this order dismissing the complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Plaintiff must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions

6

from the notice.    Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Plaintiff a copy of both the standard civil rights complaint form and this order.

**DONE and ORDERED** in Tampa, Florida, on January 22, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE