**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAYSON PEREZ VEGUILLA,

      Plaintiff,

v.                                                                        Case No. 8:25-cv-3114-JLB-TGW

NAPHCARE, *et al.*,

      Defendants.

_____/

## ORDER DISMISSING SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint (Doc. 14) is before the Court for initial screening.   The Second Amended Complaint names Naphcare and Nurse Sterling as defendants.   (*Id.* at 1–2).   After careful review, the Court will dismiss without prejudice Plaintiff's claims against Naphcare and his state law claim of medical negligence for the same reasons those claims were dismissed in the Court's May 6, 2026 order dismissing Plaintiff's Amended Complaint.   (*See* Doc. 11).

Plaintiff's remaining claim against Nurse Sterling for deliberate indifference to his serious medical needs under the Fourteenth Amendment will be dismissed without prejudice for failure to state a claim upon which relief may be granted. First, because Plaintiff sues Nurse Sterling only in her official capacity (Doc. 14 at 2), this action is actually a proceeding against her employer, Naphcare, against whom Plaintiff has failed to state a claim.   *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).   Second, in his Second Amended Complaint, Plaintiff failed to plead

"[f]actual allegations [that] raise [his] right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1]

Accordingly:

1. Plaintiff's Second Amended Complaint (Doc. 14) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

a. If Plaintiff wishes to amend his allegations to remedy the noted deficiencies, he shall file a third amended complaint within THIRTY DAYS of the date of this order.

b. To amend, Plaintiff must complete a new civil rights complaint form titled "Third Amended Complaint." **Plaintiff must limit the third amended complaint to only his claim against Nurse Sterling under the Fourteenth Amendment.[2]  No other claims shall be added.**  The third amended complaint shall supersede all prior complaints and may not refer to any of the prior complaints.

---

[1] The factual allegations in Plaintiff's Amended Complaint were sufficient for Plaintiff's deliberate indifference claim against Nurse Sterling to proceed forth in this litigation.  However, the Court will not consider any of the facts in either the Complaint or the Amended Complaint because the Second Amended Complaint completely replaces those complaints.  *See Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) ("[T]he rule that an amended complaint supersedes the original complaint ... means that specific claims made ... in the original complaint are not preserved unless they are also set forth in the amended complaint." (internal quotation marks and citation omitted)).

2 The Court gave Plaintiff two opportunities to amend his Complaint to attempt to state a claim against Naphcare and to attempt to state a claim for medical negligence under state law.  The Court is not required to grant Plaintiff unlimited opportunities to attempt to state a claim. Plaintiff is granted one final opportunity to amend his claim against Nurse Sterling because he previously stated a Fourteenth Amendment claim against her in his prior complaints.

*Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

c. The third amended complaint shall be subject to initial screening under 28 U.S.C. § 1915.

2. If Plaintiff fails to file a third amended complaint within thirty days or fails to seek an extension of time, this order dismissing the Second Amended Complaint will become a final judgment.

3. The Clerk is **DIRECTED** to mail to Plaintiff a copy of both the standard civil rights complaint form and this order.

**DONE and ORDERED in Tampa, Florida, on July 10, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

3