**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAYSON PEREZ VEGUILLA,

Plaintiff,

v. Case No. 8:25-cv-3114-JLB-GDP

NAPHCARE, *et al.*,

Defendants.
______________________________/

**ORDER DISMISSING THIRD AMENDED COMPLAINT**

Plaintiff's Third Amended Complaint (Doc. 16) is before the Court for initial screening. The Third Amended Complaint names Naphcare and Nurse Sterling, in her official capacity, as defendants. (*Id*. at 1−2). After careful review, the Court will dismiss with prejudice Plaintiff's claims against Naphcare for the same reasons those claims were dismissed in the Court's May 6, 2026 order dismissing Plaintiff's Amended Complaint. (*See* Doc. 11 at 5).

Plaintiff's remaining claim against Nurse Sterling for deliberate indifference to Plaintiff's serious medical needs under the Fourteenth Amendment will be dismissed for failure to state a claim upon which relief may be granted. First, because Plaintiff sues Nurse Sterling only in her official capacity (Doc. 16 at 2), this action is actually a proceeding against her employer, Naphcare, against whom Plaintiff has failed to state a claim. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Second, in his Third Amended Complaint, Plaintiff failed to plead "[f]actual

allegations [that] raise [his] right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, to the extent Plaintiff's allegations may be construed as asserting that Nurse Sterling provided negligent medical care, the claim is dismissed for the same reasons the Court dismissed the claim in the Court's May 6, 2026 order dismissing Plaintiff's Amended Complaint. (*See* Doc. 11 at 8–9).

Accordingly:

1. Plaintiff's Third Amended Complaint (Doc. 16) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.[1]

2. The Clerk is **DIRECTED** to terminate any pending motions, enter judgment in favor of Defendants, and close this case.

**DONE and ORDERED** in Tampa, Florida, on September 25, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[1] The Court gave Plaintiff three opportunities to amend his Complaint to attempt to state a claim against Defendants. The Court is not required to grant Plaintiff unlimited opportunities to attempt to state a claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (affirming dismissal of a *pro se* complaint with prejudice where the district court provided prior opportunities to amend, and there was "no indication that, given a third bite at the apple, [the plaintiff] would correct the numerous deficiencies in his complaint.").